UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIA RODRIGUEZ<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Case No. C07-1818 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment and motion to dismiss Defendant United States Postal Service. (Dkt. No. 28.) The Court has analyzed the motion, the response (Dkt. No. 35), the reply (Dkt. No. 39), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Defendants' motion for summary judgment. Furthermore, the Court GRANTS Defendants' motion to dismiss Defendant the United States Postal Service.

**Background**

On July 12, 2004, Plaintiff Elia Rodriguez slipped and fell at the U.S. Post Office located at Third and Union in Seattle. (Rodriguez Tr. at 31:3-14, 32:7-12). Between 8:30 and 9:00 a.m. that morning, Ms. Rodriguez arrived at the Post Office to pick up mail for her employer, the Keefe Law Firm, from a self-service P.O. box. (Id.) She regularly picked up the mail for the law firm from the Midtown Post Office. As she approached the self-service

ORDER - 1

box on the day of her accident, she stepped on a slippery, wet substance and fell on her right side. (Id. at 34:9-15; 35:4-5.)

The self-service boxes are located in an area of the post office that cannot be seen from any postal employee workstation. (Adams Decl. at ¶ 2.) The boxes are located in two dead-end hallways that run off the main lobby. (See Stahman Decl., Ex. D.) The Post Office has had issues with homeless individuals urinating in self-service areas of the building. (Nguyen Decl. at ¶ 7.) Postal employees supervise the area by conducting periodic sweeps. (Adams Decl. at ¶ 2.)

There are two descriptions of the liquid that caused Ms. Rodriguez's fall. When completing her accident report on July 12, 2004, Ms. Rodriguez wrote that the substance appeared to be a "puddle of urine." (Stahman Decl., Ex. B.) Similarly, in another claim form dated July 05, 2006, Ms. Rodriguez wrote that the substance she slipped in appeared to be urine. (Stahman Decl., Ex. C.) The Post Office's "Accident Investigation Worksheet" also indicates the wet substance "looked like urinate from a homeless person." (Stahman Decl., Ex. D.) However, in her deposition taken on August 15, 2008, Ms. Rodriguez stated the substance was not urine and that, based on her previous observations of floor polishing, she suspected the gel-like substance to be floor wax. (Rodriguez Tr. at 39:2-13, 40:11-14.)

## Discussion

I.  Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

II. Negligence Claim under the FTCA

The Federal Tort Claims Act provides that the United States is liable for the negligence of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). This Court applies Washington negligence law because it is "the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To prove a claim for negligence in Washington, a plaintiff must demonstrate "(1) the existence of a duty to the complaining party, (2) breach of that duty, (3) a resulting injury, and (4) that the breach was the proximate cause of the injury." Reynolds v. Hicks, 134 Wn.2d 491, 495 (Wn. 1998)(citations omitted). Washington abides by the common law distinctions between invitees, licensees, and trespassers when determining what duty a landowner owes to a person entering real property. Kamla v. Space Needle Corp., 147 Wn.2d 114, 125 (Wn. 2002)(citations omitted). The parties agree that, because Ms. Rodriguez came to the Post Office for business purposes, she is an invitee. (Dkt. No. 28 at 5-6; Dkt. No. 35 at 10.)

For business invitees, Washington adopts the test articulated in the Restatement:

> A possessor of land is subject to liability for physical harm caused to his [or her] invitees by a condition on the land if, but only if, he [or she]:
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Iwai v. State, 129 Wn.2d 84, 93-94 (Wn. 1996)(quoting Restatement (Second) of Torts §§ 343, 343A (1965)). The Court will first analyze whether the Post Office knew or should have known of the existence of the dangerous condition, then turn to the reasonableness of the Post Office's actions.

### a. Actual or Constructive Notice

Generally, a plaintiff must show "(1) the unsafe condition was caused by the proprietor or its employees or (2) the proprietor had actual or constructive knowledge of the dangerous condition." Coleman v. Ernst Home Center, Inc., 70 Wn.App. 213, 217 (Wn. App. 1993); see also Fredrickson v. Bertolino's Tacoma, Inc., 131 Wn.App. 183, 189 (Wn. App. 2005). As a preliminary matter, Plaintiff does not argue the Post Office created the hazard. (See Dkt. No. 35 at 10-11.)

Plaintiff argues that the Post Office's familiarity with past instances of homeless urination in the self-service area leads to the conclusion that "the condition was . . . known by the post office management." (Dkt. No. 35 at 11, 14-15.) This argument, however, reads the concept of actual notice too broadly. The past observations have no bearing on whether the employees had actual notice of any urine in the self-service area on the morning of the accident. In any case, Plaintiff offers no evidence to controvert Mr. Adams's statement that he was unaware of the puddle. (See Adams Decl. at ¶ 8.) From the record, no material issue of fact exists with respect to Defendants' actual notice.

ORDER - 4

The issue of constructive notice is, however, another matter. A business owner has constructive notice where the offensive condition has existed long enough to afford an owner exercising ordinary care the opportunity to eliminate the danger. <u>Fredrickson</u>, 131 Wn. App. at 189 (citations omitted). "The decisive issues [when analyzing constructive notice]. . . are the length of time the condition is present and the opportunity for discovery under the circumstances provided." <u>Coleman</u>, 70 Wn.App. at 220 (further noting that the issue of constructive notice is generally one for the trier of fact). Mr. Adams states he had not seen hazard during any previous sweep; however, according to his own deposition testimony, he had not made any sweep that day prior to Ms. Rodriguez's fall. (Adams Decl. at ¶ 8; Adams Tr. at 18:22-24.) Mr. Adams surmises that the liquid was "pretty fresh" because it was "still liquefied" and had a "pretty strong aroma." (Adams Tr. at 37:18-20.) On this evidence, Defendants argue the hazard could not have been in place long enough for the purposes of constructive notice. (Dkt. No. 28 at 8.) Defendants' argument fails because it ignores several facts in the record on this issue. For example, Ms. Rodriguez states that she has seen Postal employees "squirting something" sticky on the floors in the morning around 7:30 as they polish and clean them. (Rodriguez Decl. at ¶ 4.) The morning of her fall, she saw a maintenance employee polishing the floor at the other end of the Post Office and believes the employee had worked his way from one end of the building to the other. (<u>Id.</u>; Rodriguez Tr. at 63:1-17.) The implication is that the hazard could have been in place as early as 7:30 in the morning. Viewing the evidence a light most favorable to the non-moving party, there is a factual dispute as to Defendants' constructive notice. Thus, summary judgment is inappropriate.

Because the Court finds there are material disputes on the issue of constructive notice, it need not rule on the applicability of the <u>Pimentel</u> self-service exception at this time. <u>See</u> <u>Coleman</u>, 70 Wn.App. at 217.

      b.  Reasonable Care

For invitees, a business must maintain its premises in a reasonably safe condition. <u>See</u> <u>Zenkina v. Sisters of Providence in Washington, Inc.</u>, 83 Wn.App. 556, 561 (Wn. App. 1996). Whether a business owner has maintained the premises in a reasonably safe condition is a fact-intensive inquiry that "depends upon the nature of the business conducted and the circumstances surrounding the particular situation." <u>Bradt v. Market Basket Stores, Inc.</u>, 72 Wn.2d 446, 451 (Wn. 1967); <u>see</u> <u>also</u> <u>Escobar v. Burger King</u>, 110 Wn.App. 1011 (Wn. App. 2002). Defendants claim that they are entitled to summary judgment on this issue because Postal Service employees monitor the area and clean up hazards once they are discovered. (Dkt. No. 28 at 9.) There are numerous facts in the record that place the reasonableness of the Post Office's practices in question. Defendants concede that the P.O. boxes are in an area "not visible from any employee workstation." (Dkt. No. 28 at 7; <u>see</u> <u>also</u> Adams Decl., diagram). The "Accident Investigation Worksheet" completed by the branch manager indicates that, even with the periodic sweeps, employees "cannot keep-up with homeless people using [the] lobby for their personal needs." (Stahman Decl., Ex. D.) The reasonableness of the Post Office's precautions presents an issue for trial.

III.    Claims Against Defendant United States Postal Service

Defendants further ask the Court to dismiss Ms. Rodridguez's claims against the United States Postal Service because agencies may not be sued under the FTCA. (Dkt. No. 28.) Plaintiff's response is silent on this issue. The Court agrees with Defendants that the "United States is the only proper defendant in an FTCA action." <u>Lance v. United States</u>, 70

ORDER - 6

F.3d 1093, 1095 (9th Cir. 1995); see also Woods v. U.S., 720 F.2d 1451, 1452 n.1 (9th Cir. 1983). Defendant the United States Postal Service should be dismissed.

**Conclusion**

The disputed facts in this matter render summary judgment inappropriate. As such, Defendants' motion for summary judgment is DENIED. Defendant United States Postal Service may not be sued under the FTCA and Plaintiff's claims against USPS are DISMISSED.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 28th day of January, 2009.

Marsha J. Pechman
United States District Judge

ORDER - 7