Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIA RODRIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. C07-1818MJP<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

This matter was tried on March 2, 2009 before the Honorable Marsha J. Pechman, United States District Court Judge, sitting without a jury. The Court, having considered the evidence before it, including the testimony of witnesses and the documents and exhibits that were admitted by the Court, having heard argument and considered briefs and memoranda of counsel, having further considered its prior orders herein, and having reviewed the facts and records of this action, make the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On July 12, 2004 Ms. Elia Rodriguez slipped and fell on urine on the floor of the post office box lobby. The urine was most likley placed on the floor by a member of the public.

2. At the time of her fall Ms. Rodriguez was employed by the Keefe Law Firm as legal secretary. Several times a week, she collected the mail for her employer from a post office box located at Midtown Station Post Office in downtown Seattle.

3. Postal Service employees were not aware of any liquid on the floor the morning of July 12, 2004 prior to Ms. Rodriguez's fall.

4. Mr. Adams saw the urine on the floor after Ms. Rodriguez fell. The urine had only been on the floor for a relatively short amount of time because it had a strong odor and was not yet dry.

5. No Postal Service employee was stationed in the Post Office Box lobby at the time Ms. Rodriguez fell, and the lobby could not be seen from any Postal Service employee work station.

6. Ms. Rodriguez did not slip on a loose piece of mail or other condition that was a direct result of the self-serve nature of the post office boxes.

7. The Postal Service took a number of precautions to guard against customers slipping on substances on the Post Office lobby floor including: (1) conducting regular custodial checks of the post office box lobby every hour; (2) stationing a maintenance custodian in the post office box lobby in the very early morning when the area is the busiest; and (3) installing mirrors in the corners of the post office box alcoves to reduce privacy and allow Postal Service customers and employees to view the area..

8. Postal Service employees are not aware of any other individual slipping and falling on urine at the Midtown Station Post Office.

9. The Midtown Station is a busy urban Post Office and sits at the intersection of major bus lines. People come into the lobby to wait for transfers and they buy snacks and complete Post Office business.

10. Homeless individuals are occasionally present in the Midtown Station Post Office. A number of these individuals collect their mail at General Delivery and are Postal Service

customers. There is no evidence that the urine on the floor at the time of the fall was placed there by a homeless person. There is no specific policy that directs Postal Service employees to limit the amount of time an individual spends in the Midtown Station Post Office. At the time of Ms. Rodriguez's fall, the Manager of the Midtown Station Post Office made the decision that no individual, homeless or otherwise, would be asked to leave the Post Office unless their conduct merited removal. From time to time, people do present problems by sleeping, sitting, or using the lobby to relieve themselves.

## CONCLUSIONS OF LAW

1. Pursuant to the FTCA, the United States is liable "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

2. As the incident which is the basis of this action occurred in Washington, the law to be applied in this case is the substantive law of Washington. 28 U.S.C. § 1346 (b)(1); Richards v. United States, 369 U.S. 1, 11 (1961).

3. Under the FTCA, the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for . . . punitive damages." 28 U.S.C. § 2674; see Indian Towing Co. v. United States, 350 U.S. 61, 63-65 (1955).

4. Because, when visiting the Midtown Station Post Office, Ms. Rodriguez was "a person who is invited to enter or remain on land for the purpose directly or indirectly connected with business dealings with the possessor of land," she is considered an invitee in accordance with Washington law. Mckinnon v. Wash. Fed. Sav. & Loan Assn., 68 Wn.2d 644, 650 (1966); see also Beebe v. Moses, 113 Wn.App. 464, 467 (2002).

5. To prevail, Ms. Rodriguez must prove by a preponderance of the evidence that the Postal Service: (1) knew, or by the exercise of reasonable care should have discovered, the urine

on the floor and that the urine posed an unreasonable risk of harm to her as an invitee; (2) should have expected that Ms. Rodriguez would not have discovered or realized the danger, or would fail to protect herself against the urine; and (3) failed to exercise reasonable care to protect Ms. Rodriguez from the urine. Ford v. Red Lion Inns, 67 Wn.App. 766, 770 (1992) (quoting Restatement (Second) of Torts § 343 (1965)). Ms. Rodriguez did not prove each of the three elements above; the Postal Service is not liable for her fall.

6. Ms. Rodriguez did not prove that the Postal Service had or should have had notice of the substance on the floor. See Brant v. Market Basket Stores, Inc., 72 Wn.2d 446, 451-52 (1967).

7. To prove actual notice, Ms. Rodriguez must show that the Postal Service was aware of the unsafe condition that caused her fall. See Frederickson v. Bertolino's Tacoma, Inc., 131 Wn.App. 183, 190 (2005) (citations omitted). There was no evidence that any Postal Service employee had actual knowledge of the urine on the floor.

8. Alternatively, to prove constructive notice, Ms. Rodriguez must demonstrate: (1) that the urine was on the Post Office floor for a certain period of time and (2) that the Postal Service had an adequate opportunity to discover the urine. Coleman v. Ernst Home Center, Inc., 70 Wn.App. 213, 220 (1993) (citations omitted). To fulfill that burden Ms. Rodriguez must establish that the urine was on the floor long enough so that Postal Service employees had sufficient opportunity, with the exercise of ordinary care, to make an inspection of the post box area lobby and notice the hazard. Wiltse v. Albertson's Inc., 116 Wn.2d, 452, 458 (1991). Ms. Rodriguez did not prove that the urine was on the floor for a sufficient period of time that the Postal Service was negligent in failing to discover and remove the substance from the floor.

9. In establishing the Postal Service's opportunity to discover the urine, one considers (1) the number of employees present in the post office box lobby; (2) those employees' physical proximity to the urine; and (3) the likelihood that the Postal Service employees would become aware of the condition in the normal course of duty. See Coleman v. Ernst Home Center, 70

Wn.App. 213, 220 (1993) (citations omitted). Ms. Rodriguez did not prove that the Postal Service had a sufficient opportunity to discover the urine prior to her fall.

10. There is a narrow exception to the notice requirement for certain areas of self-service businesses. See Pimentel v. Roundup Co., 100 Wn.2d 39, 40 (1983). For the self-service exception to apply, Ms. Rodriguez must prove that the urine was (1) continuous or reasonably foreseeable and (2) associated with the self-service nature of the post office's method of operation. Wiltse, 116 Wn.2d at 454. Because the urine was not a direct result of the self-service nature of the post office's operating methods, the self-service exception does not apply. A patron's act of retrieving their own mail is not related to the existence of urine on the floor of the lobby.

11. Because Ms. Rodriguez has failed to demonstrate that either (1) Defendant had actual or constructive notice or (2) the self-service exception applies, the Court does not need to determine whether the Postal Service exercised reasonable care in maintaining the cleanliness of the post office box lobby. See Wiltse, 116 Wn.2d at 454, 461. Accordingly, the Court enters judgment in favor of the United States and against Plaintiff Elia Rodriguez.

12. To the extent that any of the foregoing Findings of Fact are deemed to be conclusions of law, they are incorporated into these Conclusions of Law.

DATED this 16h day of March, 2009.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge